## Case No. 14,269.

### TURRELL v. SPAETH.

### SAME v SNYDER.

[3 Ban. & A. 458; 14 O. G. 377; Merw. Pat. Inv. 252.] [1]

Circuit Court, D. New Jersey. Sept. 24, 1878.

#### PATENTS—IMPROVEMENT—USE OF ORIGINAL DEVICE.

1. It does not follow that, because a device is an improvement on the patented device, a party has the right to manufacture and sell it without the patentee's assent.

[Cited in Norton v. Jensen. 49 Fed. 863.]

2. Although the patented device without the improvement of the infringer added to it, is of little practical value to the owner or to the world, yet, if there be anything new in it, the owner is entitled to damages for, and protection against, its unauthorized use.

3. Gill v. Wells. 22 Wall. [89 U. S.] 24, cited and commented on.

4. Reissued letters patent, No. 7,151, granted to G. B. Turrell. assignee, May 30th, 1876, for improvement in skates, held valid.

[Cited in Turrell v. Bradford. 15 Fed. 809.]

[This was a bill in equity by George B. Turrell against Edward Spaeth, and by same plaintiff against Washington I. Snyder. for an injunction to restrain the infringement of reissued letters patent No. 7.151, granted May 30, 1876; the original letters patent No. 28.495 having been granted to J. Lovatt May 29, 1860. For prior reports, see Cases Nos. 14.267 and 14,268.]

Charles F. Blake. for complainant.

J. Van Santvoord, for defendant.

NIXON, District Judge. The fastening of skates to the feet by the use of clamps is an old device, known in the art long before the date of the Lovatt invention. Hence Lovatt, in his original patent, disclaimed, broadly, the moving of clamps in skates by adjusting-screws, but confined himself in his single claim to a combination of movable

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden. Esq.. and here reprinted by permission. Merw. Pat. Inv. 252, contains only a partial report.]

V-slotted blocks, with clamps and a screw-rod, arranged substantially in the manner and for the purposes set forth in the specifications. The instrumentalities were old but the arrangements and results were new.

The complainant insists that Lovatt was the first to fasten skates to the feet with adjustable mechanism. Movable clamps had been used to hold the skate to the sole and heel of the boot, and were retained in position by bolts and nuts, the mechanism for the toe and heel being separate and acting independently one of the other. But here, by the use of a single adjustable screw operating upon the lateral clamps, these clamps are caused to grasp the sole and heel of the boot with all the force necessary and requisite for firmly holding the skate to the foot.

After a careful consideration of the case, as shown in the testimony, exhibits, and arguments of counsel, I am of the opinion that Lovatt is entitled to the credit of the invention claimed by him. He took an important step in the right direction. He brought out the true principle of clamp-fastening in skates, although he did not employ the most efficient instrumentalities for embodying and exhibiting the principle. The defendant's skate is superior to the Lovatt skate. The popular demand for an article is, in the long run, the best test of utility, and. it is not surprising that the skates manufactured and sold by the defendant have substantially driven from the market all those made under the Lovatt patent. But it does not follow because the defendant's skate is an improvement upon the complainant's, that he has the right to manufacture and sell it without the complainant's assent. One cannot thus build upon another man's foundation. It may be that the invention of Lovatt, without the improvement of Day added to it, is of little practical value to the owner of the patent or to the world. Nevertheless. if there be anything new in it, the owner is entitled to damages for, and protection against, its unauthorized use.

These general observations bring me to consider two questions: (1) Whether the mechanism of the defendant's skate infringes the complainant's patent. (2) Whether the claims of the reissue. on which the suit is brought, can be supported by what is contained in the specifications, drawings, or model of the original patent.

1. The complainant's patent. in its latest reissue, contains four distinct claims, each for a combination. The first is for laterally-sliding clamps for grasping the sole. a plate or rest for the foot, and mechanism for moving and holding the clamps. The second is for sole and heel clamps, so combined with mechanism for moving and holding the same that one set of clamps acts as a resistance in closing the other set. The third is for certain devices. as laterally-moving

clamps, pins, and inclined slats, actuated by mechanism for operating and holding the clamps. The fourth is for a foot-rest, laterally-moving clamps, mechanism for moving and holding the same, by converting a direct forward movement into a lateral movement, and clamps for the heel. In the reissue each of these combinations is limited by reference to the mechanical devices as substantially set forth in the schedule to the patent. The claims, therefore, must not be construed broadly, as for every possible mechanical means which may be used for moving and holding skate-clamps, but as for the means specified, and every equivalent means for effecting the object. The defendant's skate—complainant's Exhibit A —is similar to the Lovatt skate in this respect, that the sole and heel clamps are moved by one operation. Are the devices in the defendant's skate, producing this result, the equivalents of the devices set forth in the Lovatt patent? The experts of the parties, as usual, are as wide as the poles asunder. Mr. Serrell says that they are precisely alike in principle, and Mr. Faber Du Faur thinks they are diametrically different. Assuming that such difference of view arises from the different mediums through which they look at the question, and turning from their testimony, let us look at the skate manufactured by the defendant (Exhibit A), and see what conclusions are reached from what we find there. We have a clamp-skate, in which are combined the clamp and certain moving and holding mechanism, the essential constituents of the Lovatt invention, and it seems to me that the principle of operation is the same in both structures. There are differences, but they are differences of form—the substitution of known equivalents for those used in the complainant's patent. The backward and forward movement which imparts to the clamps the lateral grasping of the heel and toe, produced by the longitudinal motion of the screw in the one case, is produced by the lever and the eccentrically pivoted cam in the other. Any respectable mechanic, without invention, could make such a substitution, and, if allowable, all patents for combinations would be practically useless.

2. The only remaining question is, whether the invention disclosed in the original patent of the complainant will sustain the four claims of the last reissue. The single claim of the original was for a combination of instrumentalities. These instrumentalities were movable V-slotted blocks, sole and heel clamps, and a screw-rod, arranged in the manner set forth in the specifications and drawings. All of the subdivisions of the combination in the several claims of the reissue are found in the schedule and drawings of the original patent. It does not appear that anything new has been added, or that any matter essential to, or characteristic of, the invention, has been omitted. So far from such a reissue being condemned by Gill v. Wells, 22 Wall. [89 U. S.] 24, as was maintained by the counsel of the defendant, it would seem that the learned judge who delivered the opinion of the majority of the court in that case, meant to allow it. He says: "Cases arise where a patentee, having invented a new and useful combination consisting of several ingredients which in combination compose an organized machine, also claims to have invented new and useful combinations of fewer numbers of the ingredients, and in such cases the law is well settled that if the several combinations are new and useful, and will severally produce new and useful results, the inventor is entitled to a patent for the several combinations, provided that he complies with the requirements of the patent act and files in the patent office a written description of each of the alleged new and useful combinations, and of the manner of making, constructing, and using the same. He may give the description of the several combinations in one specification, and in that event he can secure the full benefit of the exclusive right to each of the several inventions by separate claims referring back to the description in the specification; and if by inadvertence, accident, or mistake, he should fail to claim any one of the described combinations, he may surrender the original patent and have a reissue not only for the combination or combinations claimed in the original, but for any which were so omitted in the claims of the original patent."

A decree will, therefore, be entered in favor of the complainant for an injunction and an account.

As the case of Turrell v. Snyder involves the same questions, and was submitted and argued upon the same testimony, a like decree is ordered in that case.